IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RYAN DAVID SAUVAGEAU,

        Plaintiff,

     v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.

Civ. No. 3:14-cv-01932-AA

OPINION AND ORDER

---

Martin R. Cohen
P.O. Box 1129
4040 Douglas Way
Lake Oswego, OR 97035

Linda S. Ziskin
P.O. Box 753833
Las Vegas, NV 89136
       Attorneys for Plaintiff

Billy J. Williams
Acting United States Attorney
District of Oregon
Janice E. Hebert
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

1    - OPINION AND ORDER

Jordan D. Goddard
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
         Attorneys for Defendant

AIKEN, District Judge:

        Plaintiff brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §

405(g), seeking judicial review of a final decision of the Commissioner of Social Security

(Commissioner) denying plaintiff's application for Disability Insurance Benefits (DIB) and

Supplemental Security Income (SSI). For the reasons set forth below, the Commissioner's

decision is affirmed.

## BACKGROUND

        On November 5, 2010 and March 10, 2011, Plaintiff filed his applications for benefits,

alleging disability since November 16, 2008, due to HIV, depression, nausea, anxiety,

posttraumatic stress, back pain, and neuropathy. Tr. 19, 25, 223-43, 259. His applications were

denied initially and on reconsideration. Tr. 19, 147-50, 152-56. On September 6, 2012,

represented by an attorney, Plaintiff appeared and testified before an administrative law judge

(ALJ). Tr. 42-80. At a second hearing on March 28, 2013, represented by an attorney, Plaintiff

again appeared and testified. Tr. 81-107. A vocational expert also testified. Tr. 97-107. On April

8, 2013, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act.

Tr. 19-41. On October 10, 2014, the Appeals Council denied Plaintiff's request for review,

rendering the ALJ's decision the final decision of the Commissioner. Tr. 1-5. Plaintiff now

seeks judicial review.

2    - OPINION AND ORDER

Plaintiff was thirty-five years old at the time of the ALJ's decision. Tr. 48. Plaintiff earned a high school equivalency degree (G.E.D.) and attended college, but did not complete his degree. Tr. 48. In the past, Plaintiff worked as an order taker supervisor, call center lead, appointment clerk, bindery worker, and deliverer of bindery products. Tr. 98-100.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). If the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant five-step sequential process. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520,

3    - OPINION AND ORDER

416.920. At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability. Tr. 21; 20 C.F.R. § 404.1520(b), 416.920(B).

At step two, the ALJ found that plaintiff has "severe" impairments of anxiety disorder, substance additional disorders (alcohol and drugs), partial claimed remission (continued cannabis abuse), HIV, and left ulnar nerve problem. Tr. 21-22; C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the ALJ found that plaintiff's impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude gainful activity." Tr. 22; 20 C.F.R. §§ 404.1520(d), 416.920(d).

At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work. Tr. 25. Specifically, the ALJ found that Plaintiff could lift and/or carry ten pounds frequently and twenty pounds occasionally, and that he can stand and/or walk approximately six hours in an eight-hour workday. Tr. 25. Additionally, Plaintiff had no sitting limitations. Tr. 25. The ALJ also found that Plaintiff should avoid exposure to serious workplace hazards, dangerous machinery, and heights. Tr. 25. Further, Plaintiff should avoid concentrate exposure to environmental irritants, such as dust and noxious gases. Tr. 25. While Plaintiff can engage in brief and occasional contact with coworkers, the ALJ determined that he would work best in an atmosphere without public contact. Tr. 25. Also, even though plaintiff might encounter problems with persistence and more complex work tasks, he is capable of sustaining routine and repetitive work. Tr. 25. Based on these findings, the ALJ found that Plaintiff could not perform his past relevant work as an operations manager, order taker supervisor, call center lead, bindery worker, and worker delivering bindery products. Tr. 34-35; 20 C.F.R. §§ 404.1520(e), 416.920(e).

4    - OPINION AND ORDER

If the claimant is unable to perform past relevant work, the inquiry proceeds to step five, where the Commissioner bears the burden to establish that the claimant is capable of performing other work that exists in significant numbers in the national economy. *Yuckert*, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(f), 416.920(f). Relying on the testimony of the vocational expert, the ALJ found that Plaintiff was able to perform other work as a mail clerk, office helper, and document clerk. Tr. 35. Therefore, the ALJ found that Plaintiff was not disabled within the meaning of the Act.

## DISCUSSION

Plaintiff asserts that the Commissioner's decision should be reversed and remanded for the payment of benefits. Plaintiff argues that the ALJ erred in failing to properly assess Plaintiff's credibility, rejecting the opinion of his treating psychologist, and failing to consider the lay testimony of his nurse practitioner and licensed clinical social worker.

A.  Credibility Determination

Plaintiff argues that the ALJ failed to provide clear and convincing reasons to discount his credibility. Plaintiff maintains that his complaints and testimony should be accepted as true, rendering him disabled under the Act.

Plaintiff testified that he suffers from anxiety, HIV, severe depression, nausea, posttraumatic stress, back pain, and neuropathy. Tr. 25, 51. Plaintiff also stated that his conditions affect his ability to lift, squat, bend, stand, reach, walk, sit, kneel, climb stairs, remember, complete tasks, concentrate, and get along with others. Tr. 25. Plaintiff maintains that he must rest approximately 30 to 60 minutes after walking one-quarter to one mile and does not finish tasks. Tr. 25. Plaintiff uses marijuana and takes Tylenol. Tr. 26. The ALJ found that

5    - OPINION AND ORDER

Plaintiff's complaints were not fully credible, citing inconsistencies in his reported symptoms and the medical evidence of record. Tr. 26.

When a plaintiff produces objective medical evidence of an impairment that reasonably could be expected to produce some degree of the symptoms complained of, "the ALJ may reject the claimant's testimony regarding the severity of symptoms only if he makes specific findings stating clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (ALJ credibility findings must be "sufficiently specific to permit court to conclude that the ALJ did not arbitrarily discredit claimant's testimony"). In making these findings, the ALJ may consider objective medical evidence and the claimant's treatment history as well as any unexplained failure to seek treatment or follow a prescribed course of treatment. *Smolen*, 80 F.3d at 1284. The ALJ may also consider the claimant's daily activities, work record, and the observations of physicians and third parties with personal knowledge about the claimant's functional limitations. *Id.* Finally, the ALJ may employ ordinary techniques of credibility evaluation, such as the claimant's reputation for lying and prior inconsistent statements concerning the alleged symptoms. *Id.*

Plaintiff contends that the ALJ failed to meet this standard because the ALJ's primary reason for rejecting Plaintiff's testimony was the lack of supporting medical evidence. While an ALJ cannot reject the severity of subjective complaints solely on the lack of objective evidence, the ALJ may nonetheless look to the medical record for inconsistencies. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999). Regardless, I find that the ALJ did not err in finding that the record does not support the level of disability alleged by Plaintiff.

The ALJ found that Plaintiff's activities of daily living were inconsistent with his testimony regarding his limitations. Tr. 29-30. Daily activities that are inconsistent with alleged

6    - OPINION AND ORDER

symptoms are a relevant credibility consideration. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Thomas*, 278 F.3d at 959. Despite his allegations of disabling anxiety, Plaintiff went out drinking at bars and nightclubs during the alleged period of disability. Tr. 29, 416. Plaintiff also took a trip to Powell Butte in June 2010, contrary to his allegations. Tr. 29, 337. The ALJ noted that plaintiff completes chores, cooks meals, meets friends often for dinner, uses public transportation, paints, travels, and gardens. Tr. 30, 449, 503, 512. Consequently, the record supports the ALJ's finding that Plaintiff's daily activities detract from his claims.

Additionally, Plaintiff is capable of preparing foods, and cared for his grandmother for two months, which included taking her to the bathroom, administering medication, and calming her when her dementia symptoms presented. Tr. 29-30. As such, the ALJ reasonably found that Plaintiff's daily activities were substantially inconsistent with Plaintiff's alleged limitations.

The ALJ also noted that Plaintiff stopped working after being laid off from his employer and not from his medical condition. Tr. 29, 31. An ALJ may consider why a claimant left his last job when evaluating the claimant's credibility. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (upholding credibility finding where claimant "stated at the administrative hearing and to at least one of his doctors that he left his job because he was laid off, rather than because he was injured"). At the hearing, when asked why he stopped working, Plaintiff testified, "Mostly because of my anxiety, but also because the business closed." Tr. 49. The ALJ similarly noted that Plaintiff alleged long-standing anxiety did not prevent him from successfully maintaining employment until his employer went out of business. Tr. 31. An ALJ may consider whether a longstanding impairment has prevented employment in the past when evaluating a claimant's limitations. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001); *Gregory v. Bowen*, 844 F.2d 664, 667 (9th Cir. 1988).

7     - OPINION AND ORDER

The ALJ found that Plaintiff's credibility was undermined by his inconsistent claims about substance abuse. Tr. 31. The ALJ noted that Plaintiff lied about using alcohol or drugs. Tr. 456. Plaintiff also stated that he was consuming alcohol two to three times per week and admitted that he was still able to maintain his employment during this time. Tr. 74-75. An ALJ may consider inconsistent statements about drug or alcohol use when evaluating a claimant's credibility. *Thomas*, 278 F.3d at 959; *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999).

Moreover, the ALJ found that Plaintiff's routine, conservative treatment undermined his subjective reports of disability. Tr. 30. An ALJ may discount subjective complaints when the claimant's course of treatment is not consistent with the degree of dysfunction he alleged. *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007); *see also Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012). Additionally, the ALJ found that Plaintiff was not compliant with medical treatment and stopped taking medication that improved his anxiety. Tr. 26.

Plaintiff nonetheless claims the ALJ improperly considered Plaintiff's past minor criminal acts against his credibility. I find no error. As an adult, Plaintiff was convicted of stealing a purse in 1996. Tr. 30. The conviction involved dishonesty, and Plaintiff expressed concern during the alleged period of disability that this conviction would cause him difficulty when attempting to find another job. Tr. 30. Thereafter, Plaintiff was arrested for violating the conditions of his probation and consequently spent one month in jail. Tr. 30. Also, in March 2009, Plaintiff was charged with multiple felonies, and again violated the conditions of his probation by being outside after hours. Tr. 30. Although a claimant's criminal history alone is an insufficient basis to reject claimant's testimony, it may be used to undermine the claimant's credibility. *Smith v. Astrue*, 851 F. Supp. 2d 305, 310 (D. Mass. 2012). Accordingly, the ALJ did

8    - OPINION AND ORDER

not err in discrediting Plaintiff's credibility based on his criminal history, because such actions indicate significant issues with Plaintiff's sincerity and truthfulness.

The ALJ's reasons for discrediting plaintiff's complaints are clear, convincing, and supported by the record. Thus, I find that the ALJ did not arbitrarily discredit plaintiff's testimony.

B.  Opinion of Examining Psychologist

Plaintiff also maintains that the ALJ failed to give appropriate weight to the opinion of the examining psychologist, Dr. Wicher. The ALJ properly gave Dr. Wicher's opinion some weight because it was generally consistent with the record, but noted that some of Dr. Wicher's opinion relied heavily on Plaintiff's subjective complaints, Tr. 32.

In October 2012, Dr. Wicher performed a consultative, comprehensive psychodiagnostic evaluation. Tr. 500-07. In December 2012, Dr. Wicher answered interrogatories drafted by Plaintiff's representative and also wrote a letter in response to the agency's request for further clarification regarding her opinions. Tr. 512, 519-21. Dr. Wicher noted that Plaintiff had no limitations with simple instructions and had mild limitations with complex instructions and social interaction. Tr. 505-06. Dr. Wicher determined that Plaintiff would experience deficits in concentration, persistence, and pace. Tr. 506. As a result, Dr. Wicher stated that Plaintiff's persistence problems might require him to have more frequent or longer breaks, and Plaintiff's concentration deficits and slow pace could adversely affect his productivity. Tr. 520.

The ALJ may reject the uncontradicted opinion of a treating or examining physician by providing clear and convincing reasons supported by substantial evidence in the record. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996); *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). If contradicted, the ALJ may reject the opinion with specific and legitimate

9    - OPINION AND ORDER

reasons. *Andrews*, 53 F.3d at 1043. Specific and legitimate reasons for rejecting an opinion include its reliance on a claimant's discredited subjective complaints or its inconsistency with medical records of a claimant's daily activities. *Tommasetti v, Astrue*, 533 F.3d 1035, 1040 (2008); *see, e.g., Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (upholding ALJ's rejection if treating physician's evaluation because it was based almost entirely on the claimant's self reporting, lacked objective findings, and was based on doctor's assumption, without offering his own diagnosis, that claimant suffered from PTSD). A "physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of [her] symptoms and limitations' may be disregarded where those complaints have been 'properly discounted.'" *Morgan*, 169 F.3d at 602 (quoting *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989)).

The ALJ afforded Dr. Wicher's opinion some weight in the disability analysis to the extent it supported mild  limitations. Tr. 32. However, the ALJ found that Plaintiff experienced greater social functioning deficits and lesser deficits in activities of daily living, concentration, persistence, and pace than Dr. Wicher had assessed. Tr. 32. In particular, the ALJ noted that Dr. Wicher's assessment of moderate deficits of daily living was based largely on plaintiff's self - reports. Tr. 32, 504, 520. The ALJ reasonably determined that Dr. Wicher relied on Plaintiff's self-report to assess a more severe restriction on persistence than she actually observed during testing. For example, Dr. Wicher's mental status testing of Plaintiff suggested "mild concentration difficulties," and "adequate" persistence throughout the evaluation, yet she found that Plaintiff "described some problems with persistence in day to day life." Tr. 504, 512. As the ALJ found Plaintiff to not be credible, it was not error for the ALJ to discount Dr. Wicher's reliance on Plaintiff's subjective complaints.

10    - OPINION AND ORDER

Further, the ALJ apportioned the appropriate weight to Dr. Wicher's medical opinion in light of Plaintiff's demonstrated ability to concentrate in his daily activities. For instance, Plaintiff continued to perform routine tasks of cooking, baking, driving, playing the piano, crocheting, and painting. Tr. 32, 57, 288, 449, 503. Such activities, which were confirmed by Plaintiff's partner to be conducted on a regular basis, indicate that Plaintiff's concentration, persistence, or pace were not impaired to the point of disability. Tr. 288.

In sum, I find that the ALJ provided legally sufficient reasons to limit the weight accorded to Dr. Wicher's opinion.

C. Lay Witness Statements

Plaintiff argues that the ALJ failed to consider the statements of his nurse practitioner, Alicia Kamm, and licensed clinical social worker, Susan Rosenthall. However, the ALJ did not err in discounting these opinions.

A lay witness statement as to a claimant's symptoms is competent evidence, which the Commissioner must take into account. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). An ALJ may consider "evidence from other sources" including "nurse practitioners" and "social welfare agency personnel." 20 C.F.R. § 404.1513(d). While a nurse is considered a medical "other source," *id.* at § 404.1513(d)(1), a social worker is deemed a non-medical "other source," *id.* at § 404.1513(d)(4). After assessing the opinion evidence, the ALJ can reject the testimony of lay witnesses only by providing reasons germane to each witness. *Molina*, 674 F.3d at 1114.

Plaintiff's nurse practitioner, Alicia Kamm, opined that Plaintiff could not tolerate the social interaction or stress of minimal job expectations, such as regular attendance, required to obtain or maintain work. Tr. 406-07. "A nurse practitioner is not considered to be a an 'acceptable medical source' but rather falls within the category of 'other sources.'" *Hartman v.*

11   - OPINION AND ORDER

*Colvin*, 954 F. Supp. 2d 618, 643 (W.D. Ky. 2013). Thus, a nurse practitioner's assessment is "not entitled to the same deference" as the opinions of acceptable medical sources, *Molina*, 674 F.3d at 1111, but may be used to "'show the severity of [the applicant's] impairment(s) and how it affects [his or her] ability to work.'" *Voigt v. Colvin*, 781 F.3d 871, 878 (7th Cir. 2015); *see Crysler v. Astrue*, 563 F. Supp. 2d 418, 434-45 (N.D. N.Y. 2008).

Here, the ALJ gave Ms. Kamm's opinion little weight because it was not supported by the record and relied heavily on Plaintiff's subjective complaints, which the ALJ found lacked credibility. Tr. 33. For example, the ALJ noted that Plaintiff's medical records reflected that when Plaintiff was taking BuSpar and abstaining from marijuana and alcohol, his symptoms were controlled. Tr. 26, 544. By relying on Plaintiff's own self-reported symptoms in conjunction with Plaintiff's lack of credibility, the ALJ did not err in finding Ms. Kamm's statements unsupported. Second, the ALJ afforded the opinion less weight because Ms. Kamm lacked medical expertise in comparison with the State agency doctors, who had superior medical expertise and whose opinions were accorded more weight. Tr. 33. As such, the ALJ provided reasons germane to discount Ms. Kamm's opinion.

Plaintiff's social worker, Susan Rosenthall, stated that Plaintiff could not travel to a work setting or manage the interpersonal demands of that setting, whether from coworkers or the public. Tr. 403. Further, Ms. Rosenthall determined that Plaintiff's severe impairments due to psychiatric issues would prevent both part-time and full-time employment. Tr. 404-05. The ALJ afforded Ms. Rosenthall's opinion little weight because it was not supported by objective findings and Ms. Rosenthall lacked expertise.

"Under the Social Security regulations, licensed clinical social workers are not considered 'acceptable medical sources' who can provide evidence to establish the existence of a

12    - OPINION AND ORDER

medically determinable impairment, but as 'other medical sources' their opinions 'are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.'" *Bonnell v. Astrue*, 650 F.Supp.2d 948, 958 (D. Neb. 2009). Here, the ALJ accorded the Ms. Rosenthall's opinion little weight because she relied on Plaintiff's subjective complaints and lacked expertise to provide an adequate assessment of Plaintiff. Tr. 33. The ALJ noted that when evaluating Plaintiff, Ms. Rosenthall failed to account for Plaintiff not taking any medication to treat his mental health symptoms. Tr. 33. Therefore, the ALJ provided findings germane to Ms. Rosenthall's opinion.

## CONCLUSION

The ALJ's finding that plaintiff is not disabled within the meaning of the Act is supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

Dated this 25th day of March, 2016.

Ann Aiken
United States District Judge

13  - OPINION AND ORDER